NORD DEUTSCHE INS. CO. OF HAMBURG, GERMANY, v. HART.

(Circuit Court of Appeals, Second Circuit. February 15, 1916.)

No. 81.

1. INSURANCE ⬦651(1)—ACTIONS ON CONTRACTS—ADMISSIBILITY OF EVIDENCE.
In an action on a memorandum contract of insurance or binder covering a building described as a frame dwelling house, where, though defendant claimed that the building was not a dwelling house, but a "builder's risk," the evidence showed that repairs which would bring it within the definition of a "builder's risk" had been completed and that it was a dwelling house, all testimony to show the rates charged for builders' risks absolutely or relatively was immaterial, and evidence as to the technical meaning of the expressions "dwelling house risk" and "builder's risk," and the bearing this classification had upon the rates charged for insurance, was properly excluded.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1673; Dec. Dig. ⬦651(1).]

2. INSURANCE ⬦132—CONTRACTS—BINDERS.
A memorandum insurance contract, or binder, was not void on the ground that it did not express any consideration, where thereunder insured had agreed to pay the regular premium of the policy to be issued.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 210; Dec. Dig. ⬦132.]

3. INSURANCE ⬦132—CONSIDERATION FOR BINDER—CHANGE OF CONDITION.
Where insured relied upon a binder or memorandum insurance contract, and did not protect herself by getting insurance elsewhere, this change in her condition constituted a good consideration.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 210; Dec. Dig. ⬦132.]

4. INSURANCE ⬦132—CONTRACTS—PARTIES BY WHOM MADE.
In an action on an insurance contract, plaintiff claimed that he applied for insurance to defendant's authorized agent, who suggested that they should see an officer of the defendant, defendant's offices being in the same building as those of the agent, and that they saw an officer who authorized the signing of a binder. The officer denied that any such interview took place. Held that, if plaintiff's story was true, the contract was entered into directly by defendant, and, if not, the contract was made by a regular authorized agent of defendant, and bound it.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 210; Dec. Dig. ⬦132.]

5. INSURANCE ⬦648(1)—ACTIONS ON CONTRACTS—ADMISSIBILITY OF EVIDENCE.
In an action on an insurance binder covering a building described as a dwelling house, but claimed by defendant to constitute a hotel risk, or a "builder's risk," the court excluded a map offered by defendant on which it entered its risks. Held, that the map was irrelevant, since, if it did not include the risk for which defendant's agent had signed a binder, this circumstance would not affect plaintiff, while, if it did include the risk, describing it as a dwelling house, it merely corroborated plaintiff's contention, and if it described it as a hotel risk, or builder's risk, there was no defense left to the action, only a somewhat larger sum would be deducted from the recovery for the premium.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1669, 1676; Dec. Dig. ⬦648(1).]

In Error to the District Court of the United States for the Southern District of New York.

Action by Louis G. Hart against the Nord Deutsche Insurance Company of Hamburg, Germany. Judgment for plaintiff, and defendant brings error. Affirmed.

This cause comes here upon appeal to review a judgment in favor of defendant in error, who was plaintiff below. The action is based upon a memorandum contract for fire insurance, ordinarily known as a "binder." Upon the close of the testimony both sides moved for a direction; the court denied defendant's motion, and instructed the jury to find for the plaintiff; defendant did not ask to go to the jury on any specific question.

Cabell & Gilpin, of New York City (H. Cabell, of New York City, of counsel), for plaintiff in error.

Cardozo & Nathan, of New York City (Edgar J. Nathan and Brison Howie, both of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The risk described in the binder is a "frame dwelling house." Defendant contended that the risk was in fact a "hotel," or a "builder's risk." At one time the premises had formed part of a group of buildings which together constituted a hotel. That condition of affairs had ceased to exist before the binder was signed. Repairs had been undertaken, which would bring the premises within the definition of a "builder's risk"; but these had been completed before the binder was signed. It is not necessary to rehearse the undisputed testimony; that the building, on the date the binder was signed, was a "frame dwelling house" was abundantly proved; it was inhabited on the day of the fire.

[1] Defendant further contends that the court erred in refusing to permit defendant to show the technical meaning of the expressions "dwelling house risk" and "builder's risk" and the bearing this classification has upon the rates charged for insurance. The court did allow defendant's witness to testify fully as to what a "builder's risk" was. Since this building was not within the terms of such definition all testimony offered to show the rates charged for builder's risks, absolutely or relatively, was immaterial.

[2, 3] It is further contended that the contract sued upon (the binder) is void because it does not express any consideration. We find no merit in this point; under the binder the insured had agreed to pay the regular premium of the policy to be issued. At all events, as the insured relied upon the binder and did not protect herself by getting insurance elsewhere, this change in her condition would constitute a good consideration.

[4] There was a conflict of testimony upon one point in the case. Plaintiff's story is that he applied for insurance to the authorized agent of the company, and that the agent suggested they should see an officer of the underwriter; defendant's offices being in the same building as those of the agent. That they saw the officer of defendant, who, on being told the risk was a "frame dwelling house" authorized

the signing of a binder. If this be so, the contract was entered into, directly, by defendant. The officer of the underwriter testified that no such interview with him took place. If that be so the contract was made by the regular authorized agent of defendant, and, of course, bound it.

[5] We find no error in the exclusion of a map offered by defendant on which it entered its risks. Without expressing any opinion as to the competency of such evidence, we can see nothing in the record which would make it relevant. If it did not include the risk which its agent had signed a binder for, that circumstance would not affect the plaintiff. If it did include the risk, described as a "frame dwelling house," it merely corroborated plaintiff's contention. Presumably it did not include the building classified as a hotel risk, or a builder's risk, because defendant insisted that, as such, it would not have underwritten the building at all. If, however, it did contain the building thus classified, there was no defense left to the action, only a somewhat larger sum would be deducted from the recovery for premium.

The judgment is affirmed.